UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTIAGO ZETULA,<br><br>    Plaintiff,<br><br>v.<br><br>PADAMINAS BRAZILIAN BAKERY, INC. and PEDRO COELHO,<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Santiago Zetula, by and through his counsel, Trief & Olk, alleges as follows:

### INTRODUCTION

1. Plaintiff was an employee of Padaminas Brazilian Bakery, Inc. ("Padaminas"), which owns and operates a bakery and restaurant in Mt. Vernon, New York in Westchester County. Padaminas is owned and operated by Defendant Pedro Coelho ("Coelho").

2. This action arises out of Defendants' failure to comply with federal and state wage and hour laws. Defendants have failed to pay Plaintiff overtime and failed to keep proper records.

3. Defendants' failures to pay proper wages and keep records constitute willful violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

### PARTIES

4. Plaintiff is an adult individual and New York State resident who was employed by Defendants from January 2008 through December 2012; and again from January 2014 through September 9, 2022.

5. Defendant Padaminas is a corporation organized under the laws of the State of New York, with its principal place of business at 66 West Lincoln Avenue, Mt. Vernon, New York 10550.

6. Defendant Coelho is the owner of Padaminas. (Padaminas and Coelho are referred to collectively as "Defendants.")

## VENUE AND JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants because Padaminas is a New York-based corporation, which operates in the State of New York.

10. Venue is proper in this judicial district because, pursuant to 28 U.S.C. § 1391, Padaminas is a resident of this judicial district as an entity subject to the court's personal jurisdiction with respect to the civil action in question and because the events or omissions giving rise to the claim occurred in this judicial district.

## COVERAGE UNDER THE FLSA AND NYLL

11. Throughout Plaintiff's employment, Defendants have continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Throughout Plaintiff's employment, Defendants were an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

13. Upon information and belief, throughout Plaintiff's employment, Defendants had

annual gross volume of sales made or business done of over $500,000 for each year in the relevant period.

14. Throughout Plaintiff's employment, Defendants had more than 10 employees including Plaintiff engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Throughout Plaintiff's employment, Defendants employed Plaintiff within the meaning of the FLSA and the NYLL.

16. Throughout Plaintiff's employment, he was an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(1) and in the applicable regulations implementing the NYLL, 12 NYCRR § 142-2.14(a).

17. Throughout Plaintiff's employment, Defendants maintained control, oversight, and direction over the operation of the operations at Padaminas including oversight of hiring and firing practices; setting hours and pay rates; oversight of the payroll; and other employment practices therein.

18. Upon information and belief, Defendant Coelho has had oversight of the day-to-day operations of Padaminas. He was regularly at the bakery and restaurant to inspect the work done by Plaintiff and to give Plaintiff further instructions on how to do his job. He had the power to hire and fire employees such as Plaintiff, control the conditions of employment, and determine the rate and method of compensation paid to Plaintiff.

19. Defendant Coelho is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and the applicable implementing regulations, and NYLL § 2(6) and applicable implementing regulations, and is jointly and several liable with Defendant Padaminas.

## PLAINTIFF'S EMPLOYMENT HISTORY

20. From January 2008 through December 2012, Zetula was employed by Defendants. He resumed his employment for Defendants in January 2014 and continued his employment through September 9, 2022.

21. Plaintiff worked on various tasks in the bakery and restaurant that the Defendants assigned him to do including, but not limited to, taking orders of customers, preparing sandwiches, serving customers, working the cash register and cleaning the kitchen area of the bakery/restaurant. His assigned tasks remained consistent throughout his employment by Defendants

22. From January 2014 through December 31, 2021, Plaintiff worked for Defendants from 10:00 am until 9:00 pm, for a total of 11 hours per day, six days a week during most weeks.

23. From January 2014 through December 31, 2021, in most weeks, Plaintiff worked a total of 66 hours.

24. From January 1, 2022 through September 9, 2022, Plaintiff worked for Defendants from 12:00 pm until 8:00 pm, for a total of 8 hours per day, five days a week during most weeks.

25. From January 1, 2022 through September 9, 2022, in total, in most weeks, Plaintiff worked a total of 40 hours.

26. Beginning in January 2014 and continuing through December 31, 2021, Plaintiff was paid $600 per week in cash. His pay did not vary from week to week, regardless of the number of hours worked.

27. From January 1, 2022 through September 9, 2022, Plaintiff was paid $600 per week by check. His pay did not vary from week to week, regardless of the number of hours

worked.

28. From January 2014 through December 31, 2021, Plaintiff was not paid an overtime premium for hours worked in excess of 40 in a workweek.

**DEFENDANTS' VIOLATIONS OF THE FLSA AND NEW YORK LABOR LAW**

29. Throughout his employment by Defendants, Plaintiff was a covered employee under the FLSA and NYLL and were not exempt from the requirements thereunder, including minimum wage and overtime requirements.

30. Throughout his employment by Defendants, until January 1, 2022, Plaintiff was not paid the wages to which he was entitled.

31. Throughout Plaintiff's employment, until January 1, 2022, Defendants were aware of Plaintiff's hours worked and rates of pay but willfully failed to pay the compensation Plaintiff was owed pursuant to the FLSA and NYLL.

**Minimum Wage Violations**

32. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to pay Plaintiff at the governing minimum wage under the FLSA and NYLL.

33. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to pay Plaintiff the minimum wage required for all hours worked.

**Overtime Violations**

34. From January 2014 through December 31, 2021, Plaintiff regularly worked in excess of forty hours in a week, averaging 26 hours of overtime each week.

35. Because Plaintiff was a non-exempt employee, he was entitled to overtime pay at one-and-one-half times the regular rate for any hours worked in excess of 40 hours per week.

36. Despite Defendants requiring Plaintiff to work in excess of 40 hours per week, from January 2014 through December 31, 2021, Defendants willfully failed to pay Plaintiff the overtime premium required under the FLSA and NYLL for hours worked in excess of 40 hours in a given week.

**Spread-of-Hours Violations**

37. Throughout Plaintiff's employment by Defendants, from January 2014 through December 31, 2021, Plaintiff regularly worked in excess of 10 hours in a day, averaging an additional one hour each day.

38. Because Plaintiff was a non-exempt employee, he was entitled to Spread-of-Hours pay for an additional hour per day.

39. Despite requiring Plaintiff to work in excess of 10 hours per day, from January 2014 through December 31, 2021, Defendant willfully failed to pay Plaintiff the Spread-of-Hours premium required under NYLL.

**Wage Statement Violations**

40. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff (in Portuguese for whom Portuguese is his primary language), with accurate, written wage statements listing, *inter alia*, rate or rates of pay and basis thereof; gross wages; net wages; regular hourly rate; overtime rate; number of regular hours worked; and the number of overtime hours worked, in violation of New York Labor Law.

41. From January 2014 through December 31, 2021, Plaintiff was paid entirely in cash, receiving no documentation at all regarding the terms of employment, hours worked, or pay earned.

42. Beginning on January 1, 2022, Plaintiff was paid by check but did not receive the required wage statements itemizing the details set forth under New York Labor Law.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201, *et seq.*)

43. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

45. Plaintiff worked in excess of 40 hours during some or all work weeks in the relevant period.

46. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under the FLSA.

47. Defendants failed to pay Plaintiff one-and-one-half times minimum wage for all work in excess of 40 hours per workweek.

48. The conduct of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Because the conduct of Defendants was willful, a three-year statute of limitations applies, pursuant to 20 U.S.C. §§ 201, *et seq.*

50. Due to these FLSA violations, Plaintiff was damaged and is entitled to recover, from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY MINIMUM WAGE AND
## FOR ALL HOURS WORK IN VIOLATION OF NYLL
## (NYLL §§ 191 and 650 *et seq.*; and 12 NYCRR § 142-2.1)

51. Plaintiff reallege and incorporate paragraphs 1-42 as if fully set forth herein.

52. Plaintiff worked 66 hours per week from January 2014 through December 31, 2021.

53. At all relevant times referenced above, *see supra* ¶ 52, Defendants willfully failed to pay Plaintiff at least minimum wage for all hours worked as required by NYLL §§ 191 and 652, and 12 NYCRR § 142-2.1.

54. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to NYLL § 198.

## COUNT III
## FAILURE TO PAY OVERTIME IN VIOLATION OF NYLL
## (NYLL §§ 198 and 650, *et seq.*, and 12 NYCRR § 146-1.4)

55. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

56. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under NYLL § 652 and 12 NYCRR § 146-1.4.

57. Plaintiff worked in excess of 40 hours during some or all work weeks in the relevant period.

58. Throughout Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff at the overtime rate for hours worked in excess of 40 hours per workweek as required by NYLL and 12 NYCRR § 146-1.4.

59. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to, pursuant to NYLL § 198.

## COUNT IV
### FAILURE TO PAY SPREAD OF HOURS PREMIUM IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (12 NYCRR § 142-2.18)

60. Plaintiff realleges and incorporates paragraphs 1- 42 as if fully set forth herein.

61. As a non-exempt employee, Plaintiff was entitled to Spread of Hours premium for working in excess of 10 hours per workday, as set forth under NYLL and 12 NYCRR § 142-2.18.

62. Plaintiff worked in excess of 10 hours during some or all workdays in the relevant period.

63. Throughout Plaintiff's employment with Defendant, Defendant willfully failed to pay Plaintiff Spread of Hours premium as required by NYLL and 12 NYCRR § 142-2.18.

64. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorney's fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to NYLL § 198.

## COUNT V
### FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (NYLL §§ 195(3), 198, and 650 *et seq.*; and 12 NYCRR § 146-2.3)

65. Plaintiff realleges and incorporates paragraphs 1- 42 as if fully set forth herein.

66. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with accurate, written wage statements listing, *inter alia,* gross wages; net wages; overtime rate; number of regular hours worked; and the number of overtime hours worked, as required by the Wage Theft Prevention Act, NYLL § 195(3).

67. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully request that this Court grant the relief to which they are entitled and:

- A. On the first and third claim for relief, an award of overtime compensation for unpaid wages to Plaintiff;
- B. On the second claim for relief, an award of compensation for unpaid minimum wages at the applicable New York minimum wage rate;
- C. On the fourth claim for relief, an award of Spread of Hours damages as applicable pursuant to New York Labor Law to Plaintiff;
- D. On the fifth claim for relief, an award of statutory damages as applicable pursuant to New York Labor Law to Plaintiff;
- E. An award of liquidated damages to Plaintiff;
- F. An award of prejudgment and post-judgment interest to Plaintiff;

G. An award of costs and expenses of this action together with reasonable attorneys' fees, costs, and expenses of litigation to Plaintiff; and

H. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 22, 2022

TRIEF & OLK

Jason M. Kaufer
750 Third Avenue
Suite 2902
New York, NY 10017
Tel: (212) 486-6060
Fax: (212) 317-2946
jkaufer@triefandolk.com
*Attorneys for Plaintiff*